IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


SEEFONG FORREST                                                           PLAINTIFF


        v.                              CIVIL NO. 06-5116


MICHAEL J. ASTRUE,[1] Commissioner
Social Security Administration                                            DEFENDANT


### MEMORANDUM OPINION

        Plaintiff Seefong Forrest, brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying her claims for period of disability and disability insurance benefits

(DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI

of the Social Security Act (Act).

**Procedural Background:**

        The applications for DIB and SSI presently before this court were filed on August 6,

2004, alleging an inability to work since September 12, 2003, due to back, hip and leg pain. (Tr.

13). An administrative hearing was held on November 18, 2005. (Tr. 28-74). Plaintiff was

present and represented by counsel.

---

[1]Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of
the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne
B. Barnhart as the defendant in this suit.

By written decision dated December 15, 2005, the ALJ found that plaintiff has an impairment or combination of impairments that are severe. (Tr. 25). However, after reviewing all of the evidence presented, she determined that plaintiff's impairments do not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 25). The ALJ determined plaintiff maintained the residual functional capacity (RFC) to perform a significant range of light work that did not require lifting or carrying of more than twenty pounds occasionally and ten pounds frequently; sitting more than six hours in an eight-hour workday; standing and/or walking more than six hours in an eight-hour workday; however, she requires the option to alternate her positions as she cannot stand consistently six out of the eight hours and is unable to sit longer than one hour at a time without making some sort of positional changes. (Tr. 25). The ALJ also determined that plaintiff can occasionally bend, stoop, and crouch, but had no limitations in climbing, crawling, kneeling or balancing. (Tr. 25). The ALJ also found that plaintiff's ability to read and write English is essentially restricted to printing her name and the ability to write her street address. (Tr. 25). The ALJ further determined that plaintiff's ability to speak and understand English is at a slower than regular rate for normal speech of a native English speaking individual. (Tr. 25). The ALJ also noted that, while plaintiff does speak English, in order to be understood, the English has to be at a reduced rate and someone speaking English to her will have to speak English at a reduced rate. (Tr. 25). With the help of vocational expert testimony, the ALJ found plaintiff could perform other work as a bench assembler, inspector, tester, sorter, sampler, weigher, hand packager and packager. (Tr. 26).

AO72A
(Rev. 8/82)

Plaintiff appealed the decision of the ALJ to the Appeals Council. Plaintiff's request for review of the hearing decision was denied on April 18, 2006. (Tr. 4-7). When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner. Plaintiff now seeks judicial review of that decision. (Doc. #1). Both parties filed an appeal brief and this case is before the undersigned pursuant to the consent of the parties. (Doc. # 8, 9).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A),

1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § § 423(d)(3), 1382(3)(c).  A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience.  *See* 20 C.F.R. §§ 404.1520, 416.920.  Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of her residual functional capacity.  *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920.

**Discussion:**

Of particular concern to the undersigned is the ALJ's RFC determination.  Well-settled precedent confirms that the ALJ bears a responsibility to develop the record fairly and fully, independent of the claimant's burden to press her case. *Snead v. Barnhart,* 360 F.3d 834, 836-37 (8th Cir.2004). That duty includes seeking clarification from treating physicians if a crucial issue is undeveloped or underdeveloped. *See Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004). The ALJ is also required to recontact medical sources and may order consultative evaluations

4

when the available evidence does not provide an adequate basis for determining the merits of the disability claim. *See* 20 C.F.R. §§ 416.912(e), 416.919a(b). The ALJ's duty to develop the record extends even to cases like plaintiff's, where an attorney represented the claimant at the administrative hearing. *Id.* It is incumbent upon the ALJ to establish by medical evidence that the claimant has the requisite RFC and to question a claimant in detail about her abilities.

The ALJ, in concluding that plaintiff could perform the exertional and non-exertional requirements of a significant range of light work on a sustained basis, relied on the RFC assessment completed and affirmed by non-examining, medical consultants, indicating plaintiff's ability to perform within the light work category. (Tr. 204). We are troubled however by the ALJ's failure to address Dr. Steven Van Ore's, the consultative general physical examiner's, opinion that plaintiff would have moderate to severe difficulty in her ability to walk, stand, sit, lift and carry. (Tr. 203). On February 1, 2005, Dr. Van Ore noted plaintiff had a normal range of motion in her cervical spine and a range of motion of eighty degrees in her lumbar spine. (Tr. 201). Dr. Van Ore noted plaintiff did not have muscle spasms but did have an abnormal straight leg raise. (Tr. 201). Plaintiff's neurological reflexes were normal and she exhibited no muscle weakness or atrophy. (Tr. 202). Dr. Van Ore also observed that plaintiff exhibited a normal gait and coordination and could stand and walk without assistive devices, walk on her heels and toes, and squat and arise from a squatting position. (Tr. 202). Dr. Van Ore noted plaintiff had mild degenerative changes of the lumbar spine and suspected plaintiff had inflammatory arthritis. (Tr. 203). Dr. Van Ore opined that due to plaintiff's "severe stiffness" and x-ray findings plaintiff could not walk, stand, sit, lift and carry without moderate to severe difficulty. (Tr. 203).

5

The ALJ clearly used Dr. Van Ore's assessment in determining plaintiff did not have a shoulder impairment (Tr. 22), but failed to address Dr. Van Ore's findings regarding her ability to walk, stand, sit, lift and carry.  The record does contain an assessment from Dr. Eric W. Walker, plaintiff's treating chiropractor, however the ALJ found that Dr. Walker was not an "acceptable medical source" and that the restrictive limitations in his assessment and Dr. Walker's treatment notes were not consistent. As Dr. Van Ore's opinion cannot be clearly understood but clearly indicates plaintiff has limitations due to her impairments, we find the ALJ erred in not addressing Dr. Van Ore's opinion regarding plaintiff's ability to function.  We believe remand is necessary for the ALJ to address interrogatories to Dr. Van Ore inquiring as to the exact physical limitations plaintiff experiences as a result of her impairments and the objective basis for his opinion so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). With this evidence, the ALJ should then re-evaluate plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

With regard to plaintiff's alleged financial constraints, the ALJ notes plaintiff's reports that she did not take prescription medication and did not seek treatment with a pain specialist due to financial constraints. (Tr. 54, 132).  In dismissing this allegation, the ALJ states that plaintiff did not avail herself to the free clinics in the area and that there was no evidence that plaintiff has been denied treatment due to her lack of insurance or finances. (Tr. 21).

6

A review of the record reveals that in July of 2004, Dr. Gaston, plaintiff's then treating physician, indicated that plaintiff needed to find a pain specialist because he was not taking on any more patients that required the use of controlled drugs. (Tr. 176).  In June of 2005, Dr. Walker indicates that he tried to refer plaintiff to two pain specialists but neither would take plaintiff as a patient because she did not have a more current MRI of her lumbar spine and could not obtain one due to her inability to pay and lack of insurance. (Tr. 229). Dr. Walker went on to say that while he did not feel he had any more to offer plaintiff with regard to treatment due to the fact that she had no primary care physician or pain management specialist he would treat her as needed for pain.

While it is for the ALJ in the first instance to determine a plaintiff's motivation for failing to follow a prescribed course of treatment, or to seek medical attention, such failure may be excused by a claimant's lack of funds. *Tome v. Schweiker*, 724 F.2d 711, 714 (8th Cir. 1984); *Jackson v. Bowen*, 866 F. 2d 274, 275 (8th Cir. 1989).  "Although it is permissible in assessing the severity of pain for an ALJ to consider a claimant's medical treatment and  medications, the ALJ must consider a claimant's allegation that he has not sought medical treatment or used medications because of a lack of finances." *Dover v. Bowen*, 784 F.2d 335, 337 (8th Cir. 1986) (citing *Tome v. Schweiker*, 724 F.2d at 714).  Economic justifications for  lack of treatment can be relevant to a disability determination. *Murphy v. Sullivan*, 953 F.2d 383, 386 (8th Cir. 1992). Therefore, on remand, the ALJ is directed to further develop the record concerning plaintiff's financial ability to obtain treatment and medication.

Finally, the ALJ properly points out that plaintiff received unemployment benefits after her September 12, 2003, alleged onset date of disability.  A review of the record indicates

AO72A
(Rev. 8/82)

plaintiff received unemployment benefits from October of 2003 through June of 2004. In order to receive unemployment benefits plaintiff had to acknowledge her willingness and ability to work. While the medical evidence subsequent to plaintiff's receiving unemployment benefits is unclear regarding her RFC, should plaintiff be found disabled her onset date may need to be adjusted accordingly.

## Conclusion:

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED  this 21st day of May 2007.

/s/ J. Marschewski
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)